IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| KARINA ROWAN and FRANK ROWAN, <br><br> Plaintiff, <br><br> vs. <br><br> KEVIN DITAMORE; AYUMI DITAMORE; CASCADE JOINERY, INC.; GREGORY ROBINSON, dba GREG ROBINSON ARCHITECT; BEAUDETTE CONSULTING ENGINEERS, INC., nka DCI ENGINEERS, INC.; HOMESCOOP INC., dba KAUAI HOME INSPECTION SERVICES; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE ENTITES 1-10; and DOE GOVERNMENTAL ENTITES 1-10, <br><br> Defendants | CIVIL NO. 1:20-cv-00543-JMS-RT <br><br> CROSS-CLAIM AGAINST DEFENDANTS KEVIN DITAMORE, AYUMI DITAMORE, BEAUDETTE CONSULTING ENGINEERS, INC., nka DCI ENGINEERS, INC. AND HOMESCOOP INC., dba KAUAI HOME INSPECTION SERVICES |

**CROSS-CLAIM AGAINST DEFENDANTS KEVIN DITAMORE, AYUMI DITAMORE, BEAUDETTE CONSULTING ENGINEERS, INC., nka DCI ENGINEERS, INC. AND HOMESCOOP <u>INC., dba KAUAI HOME INSPECTION SERVICES</u>**

Defendant CASCADE JOINERY, INC., ("Cascade") by and through its attorneys Gallagher Kane Amai & Reyes, and for cross-claim against Defendants KEVIN DITAMORE, AYUMI DITAMORE, BEAUDETTE CONSULTING

ENGINEERS, INC., nka DCI ENGINEERS, INC. and HOMESCOOP INC., dba KAUAI HOME INSPECTION SERVICES (hereinafter referred to collectively as "Cross-Claim Defendants"), alleges and avers as follows:

1. On September 8, 2021, Plaintiffs KARINA ROWAN and FRANK ROWAN (collectively "Plaintiffs"), filed a First Amended Complaint in the above-captioned matter alleging to have been injured and/or damaged as a result of: fraud/intentional misrepresentation, negligent misrepresentation, breach of contract, breach of the implied covenant of good faith and fair dealing, violations of Hawaii Revised Statutes Chapter 508D, negligent hiring and supervision, breach of implied warranty of habitability, unjust enrichment, constructive trust, and negligent/intentional infliction of emotional distress by Defendants KEVIN DITAMORE and AYUMI DITAMORE (collectively the "Ditamores"); the negligence of Cascade and Defendants GREG ROBINSON, dba GREG ROBINSON ARCHITECT ("GRA") and BEAUDETTE CONSULTING ENGINEERS, INC., nka DCI ENGINEERS, INC. ("Beaudette"); the conspiracy to violate applicable building code and county requirements by the Ditamores, Cascade, GRA and Beaudette and the negligence and breach of contract by Defendant HOMESCOOP IN., dba KAUAI HOME INSPECTION SERVICES ("Homescoop").

## COUNT I
## (Against All Cross-Defendants)

2. Although Cascade has denied the substantive allegations of the First Amended Complaint, if Plaintiffs suffered any injuries or damages as alleged in the First Amended Complaint, and if said injuries or damages resulted from the acts and/or omissions of anyone, said injuries or damages resulted from the acts and/or omissions of Cross-Claim Defendants and Cascade was not in any way at fault.

3. If Plaintiffs are entitled to recover, their right of recovery is against Cross-Claim Defendants.

4. That even if it be determined that Cascade engaged in any acts or omissions which in any way caused or contributed to Plaintiffs' alleged injuries or damages, which Cascade denies, the conduct of Cascade was merely passive and secondary and was not the proximate legal cause of such injuries and damages, whereas the conduct of Cross-Claim Defendants was primary and active.

5. That even if it be determined that Cascade is liable to Plaintiffs, said damages, if any, were caused by the conduct of the Cross-Claim Defendants.

6. Based on the foregoing, if any judgment is rendered against Cascade, such damages, costs, expenses and attorneys' fees will have been caused by Cross-Claim Defendants for which Cascade is entitled to indemnification (including without limitation, equitable indemnification), contribution, subrogation and/or reimbursement from Cross-Claim Defendants for the entire amount of any judgment,

if any, rendered against Cascade together with expenses, costs and reasonable attorneys' fees.

## COUNT II
### (Against the Ditamores)

7. Cascade realleges and incorporates the allegations contained in Paragraph 1 through 6 as though fully set forth herein.

8. On or about March 21, 2011, Cascade and the Ditamores entered into an Agreement for Design Services ("Design Contract") wherein the Ditamores retained Cascade to furnish architectural design services for the construction of a new single family residence on the property then owned by the Ditamores and located at 5387-M Kapaka Street, Princeville, Hawaii, 96722 (the "Project").

9. The "Responsibilities of the Cascade Joinery" Section of the Design Contract provides that services performed by Cascade under the Design Contract shall include: A. Schematic Design, B. Design Development and C. Permit Drawings.

10. Paragraph C. of the "Responsibilities of the Cascade Joinery" Section of the Design Contract states: Cascade "shall not responsible for obtaining the necessary permits and approvals from governmental agencies having jurisdiction over the Project, or such approvals and consents of others as may be necessary for the completion of the Project."

11. The "Terms and Conditions" Section of the Design Contract states:

"The [Ditamores] acknowledge[] that services provided under the [Design Contract] are limited and not full achitectural services.  The [Ditamores] ha[ve] confirmed that such services are not requested of [Cascade] and [the Ditamores] will make arrangements to obtain these services from another entity."

12. The "Terms and Conditions" Section of the Design Contract further states: The [Ditamores] hereby agree[] to indemnify and hold [Cascade] harmless from any claim, liability, or cost (including reasonable attorney's fees and costs of defense) for injury or loss arising or allegedly arising from excluded services."

13. Paragraph B of the "Limitation of Liability" Section of the Design Contract states:

> B. [Cascade's] liability to [the Ditamores] and all third-parties for any and all injuries, damages, claims, losses, expenses, or claim expenses (including attorneys fees) arising out of this Agreement from any cause, including but not limited to [Cascade's] negligence, errors, omissions, breach of contract, breach of warranty, tort, or any other legal theory or cause of action shall be limited to the amount paid by [the Ditamores] to [Cascade] per this Agreement.

14. Paragraph C of the "Limitation of Liability" Section of the Design Contract states:

> C. The limitations of liability in this Section shall apply in favor of [Cascade], and also in favor of [Cascade's] officers, shareholders, employees and consultants.

15. On or about March 19, 2012, Cascade and the Ditamores entered into a Timber Frame Agreement, wherein Cascade agreed to provide Timber Work for the

Project consisting of "approximately 296 timbers and 9,269 board feet of timber," all standard structural metal hardware for timber to timber connections, one coat of a penetrating oil based finish applied at time of fabrication and the sealing of all exposed end grain with a clear wax finish.

16. The Ditamores are contractually and equitably obligated to indemnify and hold Cascade harmless for any damage or injury to Plaintiffs.

17. Cascade has incurred and is incurring attorneys' fees, costs and other expenses in defending against the claims alleged by Plaintiffs in the First Amended Complaint for injuries and damages caused by the Ditamores for which Cascade is in no way at fault or otherwise liable to Plaintiffs.

18. Cascade is entitled to an immediate defense by the Ditamores against the claims asserted by Plaintiffs against Cascade in the First Amended Complaint; and for reimbursement of attorneys' fees and costs already incurred in defending against said claims.

19. Cascade is entitled to indemnification (including, without limitation, contractual and/or equitable indemnification), contribution, subrogation and/or reimbursement from the Ditamores for attorneys' fees, costs and other expenses incurred in this lawsuit.

20. Cascade is entitled to indemnification (including, without limitation, contractual and/or equitable indemnification), contribution, subrogation and/or

reimbursement from the Ditamores for the entire amount of any judgment, if any, rendered against Cascade.

WHEREFORE, MSBG Defendants pray:

A. That the First Amended Complaint herein be dismissed against Cascade and that Cascade be awarded its costs herein including reasonable attorneys' fees.

B. That if Plaintiffs are entitled to judgment, such judgment be rendered against Cross-Claim Defendants, not against Cascade.

C. That if it should be determined that Cascade is responsible for damages to Plaintiffs, that Cascade obtain judgment against Cross-Claim Defendants for such sums as may be recovered by Plaintiffs herein against Cascade together with reasonable attorney's fees, costs and expenses of suit.

D. That if it should be determined that Cascade and Cross-Claim Defendants are joint tortfeasors herein, the relative degree of fault of each joint tortfeasor be determined and that Cascade have judgment against Cross-Claim Defendants for any excess which may be paid by Cascade over and above the pro rata share of such judgment.

E. That if it should be determined that Cascade is responsible for damages to Plaintiffs and if it should be further determined that Cascade is entitled to indemnification from Cross-Claim Defendants, that Cascade be indemnified and

have judgment for the amount of such judgment in favor of Plaintiffs and Cascade have its costs of defending this suit, including reasonable attorney's fees.

   F. That Cascade have judgment over and against Cross-Claim Defendants for indemnification, contribution, subrogation and/or reimbursement.

   G. That the Court find that Cascade is entitled to immediate defense and full and complete indemnification from the Ditamores, together with payment/reimbursement of attorney's fees, costs, and other expenses incurred in this lawsuit.

   H. That the Court award Cascade its costs, expenses and attorneys' fees from Cross-Claim Defendants.

   I. That the Court order such other and further relief as it may deem just in the premises.

   DATED: Honolulu, Hawaii, November 8, 2021.

          /s/ *Leah M. Reyes*
          LEAH M. REYES
          MICHELLE H. TAKAHASHI

          Attorneys for Defendant
          CASCADE JOINERY, INC.