YOSHIMOTO LAW GROUP
A Limited Liability Law Company

NATHAN H. YOSHIMOTO       #6352-0
nyoshimoto@hi-lawyers.com
WESLEY D. SHIMAZU       #6119-0
wshimazu@hi-lawyers.com
201 Merchant Street Suite 2440
Honolulu, Hawaii  96813
Telephone:   (808) 695-4500
Facsimile:   (808) 695-4599

Attorneys for Defendant
D'AMATO CONVERSANO, INC., P.C.,
dba DCI ENGINEERS
incorrectly named as BEAUDETTE
CONSULTING ENGINEERS, INC.,
nka DCI ENGINEERS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| KARINA ROWAN and FRANK ROWAN,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>KEVIN DITAMORE; AYUMI DITAMORE; CASCADE JOINERY, INC.; GREG ROBINSON, dba GREG ROBINSON ARCHITECT; BEAUDETTE CONSULTING ENGINEERS, INC., nka DCI ENGINEERS, INC.; HOMESCOOP INC., dba KAUAI HOME INSPECTION SERVICES; JOHN DOES 1-10; JANE DOES 1-10; DOE | Civil No. 20-CV-000543 JMS-RT<br><br>DEFENDANT D'AMATO CONVERSANO, INC., P.C., dba DCI ENGINEERS, incorrectly named as BEAUDETTE CONSULTING ENGINEERS, INC., nka DCI ENGINEERS, INC.'S **ANSWER** TO FIRST AMENDED COMPLAINT FILED SEPTEMBER 8, 2021; DEFENDANT D'AMATO CONVERSANO, INC., P.C., dba DCI ENGINEERS incorrectly named as BEAUDETTE CONSULTING ENGINEERS, INC., nka DCI ENGINEERS, INC.'S **CROSS-CLAIM** AGAINST ALL OTHER |

{08223-1009-00073704-3}

| CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE ENTITIES 1-10; and DOE GOVERNMENTAL ENTITIES 1-10, | DEFENDANTS; CERTIFICATE OF SERVICE |
| --- | --- |
| Defendants. | Trial Date: November 29, 2022<br>Judge:      Hon. J. Michael<br>            Seabright |

DEFENDANT D'AMATO CONVERSANO, INC., P.C., dba DCI ENGINEERS
incorrectly named as BEAUDETTE CONSULTING ENGINEERS,
INC., nka DCI ENGINEERS, INC.'S **ANSWER** TO FIRST
<u>AMENDED COMPLAINT FILED SEPTEMBER 8, 2021</u>

Defendant D'AMATO CONVERSANO, INC., P.C., dba DCI ENGINEERS incorrectly named as BEAUDETTE CONSULTING ENGINEERS, INC., nka DCI ENGINEERS, INC. (hereinafter "DCI ENGINEERS") hereby files its Answer to the First Amended Complaint filed on September 8, 2021 ("FAC") by Plaintiffs KARINA ROWAN and FRANK ROWAN ("Plaintiffs") as follows:

<u>FIRST DEFENSE</u>

1.     The FAC fails to state a claim upon which relief can be granted.

<u>SECOND DEFENSE</u>

2.     With respect to the allegations set forth in paragraphs 1, 3 and 4 of the FAC, DCI ENGINEERS is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and on that basis denies the same and leaves Plaintiffs to their proof.

3.      With respect to the allegations in paragraph 2 of the FAC, DCI ENGINEERS admits that the property is located in the State of Hawaii, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein and on that basis denies the same and leaves Plaintiffs to their proof.

4.      With respect to the allegations in paragraph 5 of the FAC, DCI ENGINEERS admits that BEAUDETTE CONSULTING ENGINEERS, INC. ("Beaudette") was incorporated and located in the State of Montana until June 2017.

5.      DCI ENGINEERS denies the allegations in paragraph 6 of the FAC and states that "DCI Engineers, Inc." is not a legal entity.

6.      With respect to the allegations in paragraph 7 of the FAC, DCI ENGINEERS responds that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and that the allegations call for a legal conclusion and, on that basis, denies the same and leaves Plaintiffs to their proof.

7.      With respect to the allegations set forth in paragraphs 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20 of the FAC, DCI ENGINEERS is without knowledge or information sufficient to form a belief as to the truth of the

allegations therein and on that basis denies the same and leave Plaintiffs to their proof.

8. With respect to the allegations set forth in paragraphs 21 through 112 of the FAC, DCI ENGINEERS is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and on that basis denies the same and leave Plaintiffs to their proof.

9. With respect to the allegations in paragraph 113 of the FAC, DCI ENGINEERS denies the allegations as to DCI ENGINEERS, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein and on that basis denies the same and leave Plaintiffs to their proof.

10. With respect to paragraph 114 of the FAC, which incorporates prior allegations contained in the FAC, DCI ENGINEERS incorporates its responses to such prior allegations in response to said paragraph.

11. With respect to the allegations in paragraphs 115, 116, 117, 118, 119, and 120 of the FAC, DCI ENGINEERS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein and on that basis denies the same and leave Plaintiffs to their proof.

12. With respect to the first sentence of paragraph 121 of the FAC, which incorporates prior allegations contained in the FAC, DCI ENGINEERS

incorporates its responses to such prior allegations in response to said paragraph. With respect to the second sentence of paragraph 121 of the FAC, DCI ENGINEERS is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and on that basis denies the same and leave Plaintiffs to their proof.

13.     With respect to the allegations set forth in paragraphs 122, 123, 124, 125, and 126 of the FAC, DCI ENGINEERS is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and on that basis denies the same and leave Plaintiffs to their proof.

14.     With respect to paragraph 127 of the FAC, which incorporates prior allegations contained in the FAC, DCI ENGINEERS incorporates its responses to such prior allegations in response to said paragraph.

15.     With respect to the allegations set forth in paragraphs 128, 129, 130, and 131 of the FAC, DCI ENGINEERS is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and on that basis denies the same and leave Plaintiffs to their proof.

16.     With respect to paragraph 132 of the FAC, which incorporates prior allegations contained in the FAC, DCI ENGINEERS incorporates its responses to such prior allegations in response to said paragraph.

17.     With respect to the allegations set forth in paragraphs 133, 134, and 135 of the FAC, DCI ENGINEERS is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and on that basis denies the same and leave Plaintiffs to their proof.

18.     With respect to paragraph 136 of the FAC, which incorporates prior allegations contained in the FAC, DCI ENGINEERS incorporates its responses to such prior allegations in response to said paragraph.

19.     With respect to the allegations set forth in paragraphs 137, 138, and 139 of the FAC, DCI ENGINEERS is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and on that basis denies the same and leave Plaintiffs to their proof.

20.     With respect to paragraph 140 of the FAC, which incorporates prior allegations contained in the FAC, DCI ENGINEERS incorporates its responses to such prior allegations in response to said paragraph.

21.     With respect to the allegations set forth in paragraphs 141, 142, 143, 144, 145, 146, and 147 of the FAC, DCI ENGINEERS is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and on that basis denies the same and leave Plaintiffs to their proof.

22.     With respect to paragraph 148 of the FAC, which incorporates prior allegations contained in the FAC, DCI ENGINEERS incorporates its responses to such prior allegations in response to said paragraph.

23.     With respect to the allegations set forth in paragraphs 149, 150, and 151 of the FAC, DCI ENGINEERS is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and on that basis denies the same and leave Plaintiffs to their proof.

24.     With respect to paragraph 152 of the FAC, which incorporates prior allegations contained in the FAC, DCI ENGINEERS incorporates its responses to such prior allegations in response to said paragraph.

25.     With respect to the allegations set forth in paragraphs 153, 154, and 155 of the FAC, DCI ENGINEERS is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and on that basis denies the same and leave Plaintiffs to their proof.

26.     With respect to paragraph 156 of the FAC, which incorporates prior allegations contained in the FAC, DCI ENGINEERS incorporates its responses to such prior allegations in response to said paragraph.

27.     With respect to the allegations set forth in paragraphs 157, 158, and 159 of the FAC, DCI ENGINEERS is without knowledge or information sufficient

to form a belief as to the truth of the allegations therein and on that basis denies the same and leave Plaintiffs to their proof.

28.     With respect to paragraph 160 of the FAC, which incorporates prior allegations contained in the FAC, DCI ENGINEERS incorporates its responses to such prior allegations in response to said paragraph.

29.     With respect to the allegations set forth in paragraphs 161, 162, 163, 164, 165, and 166 of the FAC, DCI ENGINEERS is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and on that basis denies the same and leave Plaintiffs to their proof.

30.     With respect to paragraph 167 of the FAC, which incorporates prior allegations contained in the FAC, DCI ENGINEERS incorporates its responses to such prior allegations in response to said paragraph.

31.     With respect to the allegations set forth in paragraphs 168, 169, 170, 171, 172, and 173 of the FAC, DCI ENGINEERS is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and on that basis denies the same and leave Plaintiffs to their proof.

32.     With respect to paragraph 174 of the FAC, which incorporates prior allegations contained in the FAC, DCI ENGINEERS incorporates its responses to such prior allegations in response to said paragraph.

33.     With respect to the allegations set forth in paragraphs 175, 176, 177, 178, 179, 180, 181 and 182 of the FAC, DCI ENGINEERS is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and on that basis denies the same and leave Plaintiffs to their proof.

34.     With respect to paragraph 183 of the FAC, which incorporates prior allegations contained in the FAC, DCI ENGINEERS incorporates its responses to such prior allegations in response to said paragraph.

35.     With respect to the allegations in paragraph 184 of the FAC, DCI ENGINEERS denies the allegations therein and further responds that the allegations call for a legal conclusion and leaves Plaintiffs to their proof.

36.     With respect to the allegations in paragraphs 185 of the FAC, DCI ENGINEERS denies the allegations therein and further responds that the allegations assumes facts and legal conclusions and on that basis denies the same and leave Plaintiffs to their proof.

37.     DCI ENGINEERS denies the allegations in paragraphs 186, 187 and 188 of the FAC.

38.     With respect to paragraph 189 of the FAC, which incorporates prior allegations contained in the FAC, DCI ENGINEERS incorporates its responses to such prior allegations in response to said paragraph.

39.     With respect to the allegations in paragraph 190, 191 and 192 of the FAC, DCI ENGINEERS denies the allegations as to DCI ENGINEERS, but DCI ENGINEERS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraphs of the FAC and on that basis denies the same and leaves Plaintiffs to their proof.

40.     With respect to paragraph 193 of the FAC, which incorporates prior allegations contained in the FAC, DCI ENGINEERS incorporates its responses to such prior allegations in response to said paragraph.

41.     With respect to the allegations set forth in paragraphs 194, 195, 196, and 197 of the FAC, DCI ENGINEERS is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and on that basis denies the same and leaves Plaintiffs to their proof.

42.     With respect to paragraph 198 of the FAC, which incorporates prior allegations contained in the FAC, DCI ENGINEERS incorporates its responses to such prior allegations in response to said paragraph.

43.     With respect to the allegations set forth in paragraphs 199, 200, 201, 202, 203, 204, and 205 of the FAC, DCI ENGINEERS is without knowledge or information sufficient to form a belief as to the truth of the allegations therein and on that basis denies the same and leave Plaintiffs to their proof.

44.     All allegations not specifically admitted hereinabove are denied.

## THIRD DEFENSE

50.     DCI ENGINEERS intends to rely on the defense that Plaintiffs' claims are barred by the waiver of liability, limitation of liability, exculpatory and other clauses, terms and conditions of the contractual agreements between DCI ENGINEERS and other Defendants.

## FOURTH DEFENSE

51.     DCI ENGINEERS intends to rely on the defense that it substantially performed all of its contractual obligations and that it owed no contractual obligations to Plaintiffs.

## FIFTH DEFENSE

52.     DCI ENGINEERS intends to rely on the defense that Plaintiffs' claims against DCI ENGINEERS are barred by the economic loss doctrine.

## SIXTH DEFENSE

53.     Plaintiffs' recovery in this action, if any, should be reduced in accordance with the Uniform Contribution Among Joint Tortfeasors Act as set forth in Hawaii Revised Statutes, Chapter 663, Part II, as amended.

## SEVENTH DEFENSE

54.     Plaintiffs' claims against DCI ENGINEERS are barred by the defenses of waiver, estoppel, laches and unclean hands.

{08223-1009-00073704-3}

## EIGHTH DEFENSE

55.    DCI ENGINEERS intends to rely on the defense of failure to mitigate damages.

## NINTH DEFENSE

56.    DCI ENGINEERS intends to rely on the defense of statute of limitations.

## TENTH DEFENSE

57.    DCI ENGINEERS intends to rely on the defense of statute of frauds.

## ELEVENTH DEFENSE

58.    DCI ENGINEERS intends to rely on the defense of discharge and release.

## TWELFTH DEFENSE

59.    DCI ENGINEERS intends to rely on the defense of accord and satisfaction.

## THIRTEENTH DEFENSE

60.    DCI ENGINEERS intends to rely on the defense of express and/or implied assumption of risk.

## FOURTEENTH DEFENSE

61.    DCI ENGINEERS intends to rely on the defense that it owes no duty to Plaintiffs.

## FIFTEENTH DEFENSE

62.    DCI ENGINEERS intends to rely on the defense of contributory and/or comparative negligence.

## SIXTEENTH DEFENSE

63.    Plaintiffs are barred from maintaining this action against DCI ENGINEERS by reason of their own negligence of other wrongful conduct which caused the injuries alleged in the FAC herein.

## SEVENTEENTH DEFENSE

64.    DCI ENGINEERS intends to rely on the defense that the negligence and/or other wrong doing of other parties is the sole proximate cause of Plaintiffs' injuries.

## EIGHTEENTH DEFENSE

65.    Plaintiffs' damages and/or losses, if any, were the proximate result of an act of God and/or natural and unavoidable causes beyond the control of DCI ENGINEERS.

## NINETEENTH DEFENSE

66.    DCI ENGINEERS intends to rely on the defense of superseding cause.

## TWENTIETH DEFENSE

67.     DCI ENGINEERS intends to rely on the defense that the conduct of DCI ENGINEERS is not a substantial factor or a proximate cause of the damages and/or losses, if any, sustained by Plaintiffs.

## TWENTY-FIRST DEFENSE

68.     Plaintiffs' damages and/or losses, if any, were proximately caused or contributed to by the acts and/or omissions of Plaintiffs and their agents, for whom DCI ENGINEERS had and has no legal responsibility.

## TWENTY-SECOND DEFENSE

69.     Plaintiffs' damages and/or losses, if any, were proximately caused or contributed to by the acts and/or omissions of other parties for whom DCI ENGINEERS has no responsibility.

## TWENTY-THIRD DEFENSE

70.     DCI ENGINEERS intends to rely on the defense of failure of condition precedent.

## TWENTY-FOURTH DEFENSE

81.     DCI ENGINEERS intends to rely on the defense that Plaintiffs materially breached their own contractual obligations.

## TWENTY-FIFTH DEFENSE

82.     DCI ENGINEERS intends to rely on the defense of impossibility and/or impracticability of performance.

## TWENTY-SIXTH DEFENSE

83.     Plaintiffs' recovery, if any, is reduced by DCI ENGINEERS's right to off-set, setoff and/or recoupment.

## TWENTY-SEVENTH DEFENSE

84.     DCI ENGINEERS intends to rely on the defense of spoliation of evidence.

## TWENTY-EIGHTH DEFENSE

85.     DCI ENGINEERS intends to rely on the defense of lack of privity.

## TWENTY-NINTH DEFENSE

86.     DCI ENGINEERS intends to rely on the defense of failure to comply with the provisions of the Contractor Repair Act, HRS Chapter 672E, as amended.

## THIRTIETH DEFENSE

87.     DCI ENGINEERS intends to rely on the defense that joint and several liability is abolished by Haw. Rev. Stat. § 663-10.9.

## THIRTY- FIRST DEFENSE

88.     DCI ENGINEERS intends to rely on the defense of failure to join indispensable parties.

## THIRTY-SECOND DEFENSE

89.     Plaintiffs are barred from maintaining this action because DCI ENGINEERS's actions were taken at the direction of others.

## THIRTY-THIRD DEFENSE

90.     Plaintiffs' recovery in this action, if any, should be reduced in accordance with the doctrine of avoidable consequences.

## THIRTY-FOURTH DEFENSE

91.     Plaintiffs are barred from maintaining this action against DCI ENGINEERS by the applicable provisions of Chapter 490 of the Hawai'i Revised Statutes, the Uniform Commercial Code.

## THIRTY-FIFTH DEFENSE

92.     DCI ENGINEERS intends to rely upon the defense of failure to exhaust administrative remedies and failure to comply Chapter 672B of the Hawaii Revised Statutes, Design Claim Conciliation Panel.

## THIRTY-SIXTH DEFENSE

93.     DCI ENGINEERS intends to rely on the defense of lack of jurisdiction and/or improper venue.

## THIRTY-SEVENTH DEFENSE

94.     DCI ENGINEERS intends to rely upon any other defenses, including but not limited to affirmative defenses, set forth in Rules 8(c), 9, 12(b) and 12(h) of

the Federal Rules of Civil Procedure, or as provided by law or statute, which may apply, and which are not alleged in this Answer.  DCI ENGINEERS also intends to seek leave to amend this Answer to allege such defenses of which it becomes aware during the course of discovery or trial of such defenses.

WHEREFORE, DCI ENGINEERS prays:

A.   That Plaintiffs' claims be denied;

B.   That DCI ENGINEERS be awarded its costs and attorneys' fees incurred herein.

C.   That DCI ENGINEERS be awarded judgment in favor of DCI ENGINEERS and against Plaintiffs.

D.   For further and other equitable and legal relief as the Court deems just and equitable under the circumstances.

DATED:  Honolulu, Hawaii, December 16, 2021.

*/s/ Wesley D. Shimazu*

YOSHIMOTO LAW GROUP                NATHAN H. YOSHIMOTO
A Limited Liability Law Company        WESLEY D. SHIMAZU

Attorneys for Defendant
D'AMATO CONVERSANO, INC.,
P.C., dba DCI ENGINEERS,
incorrectly named as BEAUDETTE
CONSULTING ENGINEERS, INC.,
nka DCI ENGINEERS, INC.

{08223-1009-00073704-3}