IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| KARINA ROWAN and FRANK ROWAN,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>KEVIN DITAMORE; AYUMI DITAMORE; CASCADE JOINERY, INC.; GREG ROBINSON, dba GREG ROBINSON ARCHITECT; BEAUDETTE CONSULTING ENGINEERS, INC., nka DCI ENGINEERS, INC.; HOMESCOOP INC., dba KAUAI HOME INSPECTION SERVICES; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE ENTITIES 1-10; and DOE GOVERNMENTAL ENTITIES 1-10,<br><br>　　　　　　Defendants. | Civil No. 20-CV-000543 JMS-RT<br><br>DEFENDANT D'AMATO CONVERSANO, INC., P.C., DBA DCI ENGINEERS incorrectly named as BEAUDETTE CONSULTING ENGINEERS, INC., nka DCI ENGINEERS, INC.'S **CROSS-CLAIM** AGAINST ALL OTHER DEFENDANTS |

DEFENDANT D'AMATO CONVERSANO, INC., P.C., dba DCI ENGINEERS incorrectly named as BEAUDETTE CONSULTING ENGINEERS, INC., nka DCI ENGINEERS, INC.'S CROSS-CLAIM AGAINST ALL OTHER DEFENDANTS

　　Defendant D'AMATO CONVERSANO, INC., P.C., dba DCI ENGINEERS

incorrectly named as BEAUDETTE CONSULTING ENGINEERS, INC., nka DCI

ENGINEERS, INC. (hereinafter "DCI ENGINEERS") hereby files its Cross-Claim against All Other Defendants KEVIN DITAMORE; AYUMI DITAMORE; CASCADE JOINERY, INC.; GREG ROBINSON, dba GREG ROBINSON ARCHITECT; and HOMESCOOP INC., dba KAUAI HOME INSPECTION SERVICES (collectively referred to as "CROSS-CLAIM DEFENDANTS"), and alleges and avers as follows:

1. DCI ENGINEERS is a Washington professional service corporation and has done business in the State of Hawaii.

2. Upon information and belief, Defendants KEVIN DITAMORE and AYUMI DITAMORE (collectively, "Ditamores") were, at all times relevant, residents of the County of Kauai, State of Hawaii.

3. Upon information and belief, Defendant CASCADE JOINERY INC. ("Cascade") was, at all relevant times, incorporated and located in the State of Washington.

4. Upon information and belief, Defendant GREG ROBINSON dba GREG ROBINSON ARCHITECT ("Robinson" or "GRA") was, at all relevant times, an architect licensed in the State of Washington and in the State of Hawaii.

5. Upon information and belief, HOMESCOOP INC., dba KAUAI HOME INSPECTIONS ("KHI") was, at all relevant times, incorporated and located in the State of Hawaii.

6. On or about September 8, 2021, Plaintiffs KARINA ROWAN and FRANK ROWAN ("Plaintiffs") filed a First Amended Complaint ("FAC") against DCI ENGINEERS and CROSS-CLAIM DEFENDANTS regarding alleged defects at a property is located at 5387-M Kapaka Street, Princeville, Hawaii 96722, TMK: (4) 5-3-008-022 ("Property").

7. Plaintiffs, CROSS-CLAIM DEFENDANTS, other defendants, third-party defendants and/or fourth party defendants that have been or may be brought into this action in the future (in this capacity collectively referred to as "CLAIMANTS"), have filed or may in the future file Complaints, Cross-Claims, Counterclaims, Third-Party Complaints and/or other claims against DCI ENGINEERS alleging in part that DCI ENGINEERS is liable to them in connection with the allegations set forth in the FAC, which DCI ENGINEERS denies.

COUNT I
(Indemnity/Contribution)

8. DCI ENGINEERS incorporates by reference all of the allegations contained in the preceding paragraphs of this Cross-Claim.

9. If Plaintiffs were injured and/or damaged, such injuries and/or damages were caused by the negligence, negligent misrepresentations, defective products, breach of duty, breach of express warranty, breach of implied warranty, breach of contract, strict liability, assumption of risk, or other wrongful act, fault or omission

of the CROSS-CLAIM DEFENDANTS and/or their agents, representatives, consultants and other persons for whom CROSS-CLAIM DEFENDANTS are liable, and DCI ENGINEERS is in no way at fault and DCI ENGINEERS is entitled to indemnification and/or contribution from CROSS-CLAIM DEFENDANTS.

10. If Plaintiffs were injured and/or damaged, such injuries and/or damages were caused by the negligence, negligent misrepresentations, defective products, breach of duty, breach of express warranty, breach of implied warranty, breach of contract, strict liability, or other wrongful act, fault or omission of CROSS-CLAIM DEFENDANTS and/or their agents, representatives, consultants and other persons for whom CROSS-CLAIM DEFENDANTS are liable, and if DCI ENGINEERS is at fault in any way, DCI ENGINEERS is entitled to indemnification and/or contribution from CROSS-CLAIM DEFENDANTS.

11. If DCI ENGINEERS is found negligent, such negligence was passive and secondary, wherein any negligence on the part of the CROSS-CLAIM DEFENDANTS was active and primary, entitling DCI ENGINEERS to indemnification and/or contribution from CROSS-CLAIM DEFENDANTS.

## COUNT II
(Indemnity/Contribution/Subrogation)

12. DCI ENGINEERS incorporates by reference all of the allegations contained in the preceding paragraphs of this Cross-Claim.

13. DCI ENGINEERS is entitled to indemnity, contribution and/or subrogation from the CROSS-CLAIM DEFENDANTS under principles of equitable indemnity, contribution and/or subrogation.

14. Upon information and belief, DCI ENGINEERS is also entitled to defense, indemnity, contribution and/or subrogation from the CROSS-CLAIM DEFENDANTS pursuant to certain contractual provisions, if any, to which DCI ENGINEERS is a contracting party and/or third-party beneficiary.

## COUNT III
(Recovery of Attorneys' Fees, Costs and Cost of Defense)

15. DCI ENGINEERS incorporates by reference all of the allegations contained in the preceding paragraphs of this Cross-Claim.

16. DCI ENGINEERS has become involved in this legal dispute either because of a breach of contract or breach of warranty by CROSS-CLAIM DEFENDANTS and/or its agents, representatives, consultants and other persons for whom CROSS-CLAIM DEFENDANTS are liable, or because of CROSS-CLAIM DEFENDANTS' (and/or its agents, representatives, consultants and other persons for whom CROSS-CLAIM DEFENDANTS are liable) tortious conduct, and/or wrongful or negligent acts and/or omissions.

17. As a direct, proximate, and foreseeable result of CROSS-CLAIM DEFENDANTS' breach of contract, breach of warranty, tortious conduct and/or wrongful or negligent acts and/or omissions, DCI ENGINEERS has incurred and is

entitled to recover attorneys' fees and costs, including but not limited to fees and costs in the defense of this litigation and relating to insurance coverage issues arising from or related to the claims brought in this litigation.

COUNT IV
(Negligent Misrepresentation Against Cross-Claim Defendants)

18. DCI ENGINEERS incorporates by reference all of the allegations contained in the preceding paragraphs of this Cross-Claim.

19. At all times relevant herein, CROSS-CLAIM DEFENDANTS engaged in a course of business, profession or employment, or in transactions in which they had a pecuniary interest.

20. Upon information and belief, CROSS-CLAIM DEFENDANTS intended to supply information for the benefit and guidance of DCI ENGINEERS, or knew that the recipient of the information intended to supply information for the benefit and guidance of DCI ENGINEERS. Such information may have included, but is not limited to, information regarding the Project.

21. CROSS-CLAIM DEFENDANTS failed to exercise reasonable care or competence in obtaining or communication information to DCI ENGINEERS.

22. CROSS-CLAIM DEFENDANTS supplied false information and/or failed to supply true and/or accurate information for the guidance of DCI ENGINEERS at the Project.

23. CROSS-CLAIM DEFENDANTS' acts and/or omissions, including but not limited to those acts and/or omissions described in this Cross-Claim, constitute negligent misrepresentations. Such negligent misrepresentations and/or omissions may include, but are not limited to negligent misrepresentations and/or omissions in various representations, warranties, submittals and other information provided: (a) regarding the adequacy of the load-bearing capacity of the soil on the Project; (b) that the products, materials and/or installation methods being used on the Project were proper for use, and (c) that the construction of the Project would be performed in compliance with the plans, specifications and all applicable building codes and other government requirements.

24. Upon information and belief, CROSS-CLAIM DEFENDANTS made the aforementioned representations and/or omissions in a careless and reckless manner and with no reasonable basis for believing them to be true, these representations were false and were made with the intent and/or reasonable expectation that these representations would be relied upon by DCI ENGINEERS and other parties involved in the Project.

25. DCI ENGINEERS suffered pecuniary losses as a result of its justifiable reliance on the information provided by CROSS-CLAIM DEFENDANTS.

26. As a direct, proximate, and foreseeable result of CROSS-CLAIM DEFENDANTS' negligent misrepresentations, DCI ENGINEERS has been

damaged and are entitled to recover from CROSS-CLAIM DEFENDANTS general, special, incidental, consequential, and compensatory damages, including but not limited to attorneys' fees and costs, in such amounts as shall be proven at trial and which exceeds the jurisdictional requirements of the Court.

## COUNT V
(Breach of Implied Warranty Against Cross-Claim Defendants)

27. DCI ENGINEERS incorporates by reference all of the allegations contained in the preceding paragraphs of this Cross-Claim.

28. CROSS-CLAIM DEFENDANTS impliedly warranted to DCI ENGINEERS and others on the Project that the soil at the Project had adequate load-bearing capacity, that the products and/or materials used on the Project was fit for ordinary use and that the installation/constructions methods were proper.

29. DCI ENGINEERS and others on the Project relied on CROSS-CLAIM DEFENDANTS to provide notification and disclosure of information regarding the Project, including but not limited to the information regarding the load-bearing capacity of the soil on the Project, the materials and/or products to be used on the Project and the installation/construction methods to be used on the Project.

30. If Plaintiff and/or other parties in this lawsuit sustained damage as alleged in this lawsuit, the damage was caused by CROSS-CLAIM DEFENDANTS' breach of the implied warranties described above. CROSS-CLAIM DEFENDANTS were given timely notice thereof.

31. As a direct, proximate, and foreseeable result of CROSS-CLAIM DEFENDANTS' breach of implied warranties, DCI ENGINEERS have been damaged and are entitled to recover from CROSS-CLAIM DEFENDANTS general, special, incidental, consequential, and compensatory damages, including but not limited to attorneys' fees and costs, in such amounts as shall be proven at trial and which exceeds the jurisdictional requirements of the Court.

## COUNT VI
(Breach of Express Warranty Against Cross-Claim Defendants)

32. DCI ENGINEERS incorporates by reference all of the allegations contained in the preceding paragraphs of this Cross-Claim.

33. CROSS-CLAIM DEFENDANTS made express warranties, affirmations of fact, and/or promises (collectively, "warranties") to DCI ENGINEERS and others on the Project related to the condition of the soil on the Project, products, materials and/or construction methods used in the Project and which became part of the basis of the bargain made between the parties and that CROSS-CLAIM DEFENDANTS would conform to warranties. Such warranties included, but are not limited to, warranties that the soil on the Project had adequate load-bearing capacity, that the products and/or materials were free of defects, were compatible for use on the Project and were fit for ordinary use.

34. If Plaintiff and/or other parties in this lawsuit sustained damage as alleged in this lawsuit, the damage was caused by CROSS-CLAIM DEFENDANTS' breach of the warranties described above.

35. As a direct, proximate, and foreseeable result of CROSS-CLAIM DEFENDANTS breach of express warranties, DCI ENGINEERS has been damaged and are entitled to recover from CROSS-CLAIM DEFENDANTS general, special, incidental, consequential, and compensatory damages, including but not limited to attorneys' fees and costs, in such amounts as shall be proven at trial and which exceeds the jurisdictional requirements of the Court.

## COUNT VII
(Reservation of Rights to Amend)

36. DCI ENGINEERS incorporates by reference all of the allegations contained in the preceding paragraphs of this Cross-Claim.

37. DCI ENGINEERS reserves its right to amend over and assert against CROSS-CLAIM DEFENDANTS any and all claims as may be appropriate for assertion by DCI ENGINEERS upon receipt and review of the claims and cross-claims asserted by the CROSS-CLAIM DEFENDANTS in response to DCI ENGINEERS's Cross-claim and any amendments to Plaintiffs' FAC and upon receipt and review of the information obtained throughout the course of discovery.

WHEREFORE, DCI ENGINEERS prays for entry of judgment against the CROSS-CLAIM DEFENDANTS, individually and/or jointly and severally, as follows:

A. For special, general, incidental, consequential and compensatory damages in amounts which shall be proven at trial which exceeds the jurisdictional requirements of this Court;

B. That if judgment is granted to Plaintiffs against any party to this action, that judgment be entered against the CROSS-CLAIM DEFENDANTS and not DCI ENGINEERS;

C. That if judgment is granted to any Plaintiffs or any other CLAIMANTS against DCI ENGINEERS, that DCI ENGINEERS receive judgment over against CROSS-CLAIM DEFENDANTS for indemnity, contribution and/or subrogation in the full amount of said award.

D. That if DCI ENGINEERS and any other party to this action are determined to be jointly and severally liable, that the relative degree of fault of each party be determined and that DCI ENGINEERS have judgment against CROSS-CLAIM DEFENDANTS for any excess which may be paid by DCI ENGINEERS over and above its pro-rata share of any judgment, if any, in favor of Plaintiffs.

E. That DCI ENGINEERS recover judgment against CROSS-CLAIM DEFENDANTS for the full amount of its defense costs incurred herein.

F.  For prejudgment and post-judgment interest;

G.  For DCI ENGINEERS's costs of suit herein, including reasonable attorneys' fees and costs; and

H.  For such other relief this Court may deem just and proper.

DATED:  Honolulu, Hawaii, December 16, 2021.

|  |  |
|---|---|
| YOSHIMOTO LAW GROUP<br>A Limited Liability Law Company |    /s/ Wesley D. Shimazu<br>NATHAN H. YOSHIMOTO<br>WESLEY D. SHIMAZU<br><br>Attorneys for Defendant<br>D'AMATO CONVERSANO, INC.,<br>P.C., dba DCI ENGINEERS,<br>incorrectly named as BEAUDETTE<br>CONSULTING ENGINEERS, INC.,<br>nka DCI ENGINEERS, INC. |