IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KARINA ROWAN, FRANK ROWAN,<br><br>Plaintiffs,<br><br>vs.<br><br>KEVIN DITAMORE, AYUMI DITAMORE, JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, DOE ENTITIES 1-10, DOE GOVERNMENTAL ENTITIES 1-10, CASCADE JOINERY, INC., GREG ROBINSON, BEAUDETTE CONSULTING ENGINEERS, INC., HOMESCOOP INC., D'AMATO CONVERSANO, INC., P.C., DBA DCI ENGINEERS,<br><br>Defendants. | CIV. NO. 20-00543 JMS-RT<br><br>FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT |

**FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR
DETERMINATION OF GOOD FAITH SETTLEMENT**

Defendants Cascade Joinery, Inc. ("Defendant Cascade") and Greg Robinson, dba Greg Robinson Architects ("Defendant Robinson") have filed a *Petition for Determination of Good Faith Settlement* ("Petition") (ECF No. 110) seeking the Court's finding that the *Release and Settlement Agreement*

("Settlement") (ECF No. 118-1) entered into among the parties was made in good faith pursuant to Haw. Rev. Stat. § 663-15.5. The Court elects to decide the *Petition* without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii.

After careful consideration of the *Petition*, the parties' submissions, the records in this case and the applicable law, the Court **FINDS** that based on the totality of circumstances and the absence of any opposition to the *Petition*, the *Settlement* made between the parties was entered in good faith under Haw. Rev. Stat. § 663-15.5 and **RECOMMENDS** that the *Petition* be **GRANTED**.

## BACKGROUND

Plaintiffs Karina and Frank Rowan ("Plaintiffs") commenced this case on September 17, 2020 in the Circuit Court of the Fifth Circuit State of Hawaii. ECF No. 1-2. On December 10, 2020, Defendants Kevin Ditamore and Ayumi Ditamore ("Ditamore Defendants") filed a *Notice of Removal* and removed this case to the United States District Court for the District of Hawaii. ECF No. 1. Plaintiffs' First Amended Complaint (ECF No. 38) alleges that the defendants in this case were responsible for the design and structural defects in the construction of the property located at 5387 Kapaka Street, Princeville, Kauai, Hawaii ("Property") and/or sold the Property to the Plaintiffs and made misleading

disclosures and/or failed to disclose material facts about the Property.  ECF No. 110-1 at PageID.2227 & 2229.

The Ditamore Defendants sold Plaintiffs the Property on April 3, 2020.  *Id.* at 2229.  Prior to the sale, Defendant Cascade, by its former employee and architect Defendant Robinson, provided architectural design services to the Ditamore Defendants for the Property.  *Id.* at 2228.  Defendant D'Amato Conversano, Inc., P.C., dba DCI Engineers incorrectly named as Beaudette Consulting Engineers, Inc., nka DCI Engineers, Inc. ("Defendant BCE") allegedly provided certain structural engineering services regarding the Property.  *Id*.  The Ditamore Defendants hired defendant Homescoop Inc., dba Kauai Home Inspection Services ("Defendant KHI")  to inspect the Property on January 13, 2020 and to write a home inspection report regarding the inspection and any repair recommendations.  *Id.* at 2228-2229.  Defendant KHI completed a second home inspection report on March 2, 2020. *Id.*  After the sale of the Property, Plaintiffs filed a *Complaint* (ECF No. 1-2) and subsequently filed a *First Amended Complaint* (ECF No. 38).  The *First Amended Complaint* alleges that the Ditamore Defendants made misleading disclosures and/or failed to disclose material facts about the Property during the sale and asserts claims related to the sale of the Property.  ECF No. 110-1 at PageID.2229.

After months of mediation, the parties reached a settlement and resolved all of the claims asserted by and between all the parties. *Id.* at 2230. On March 21, 2023, Defendants Cascade and Robinson filed the *Petition*. ECF No. 110. On March 22, 2023, Defendant BCE filed a *Substantive Joinder* to the *Petition* ("Defendant BCE's Joinder"). ECF No. 115. On March 28, 2023, Defendant KHI also filed a *Substantive Joinder* to the *Petition* ("Defendant KHI's Joinder"). Plaintiffs and the Ditamore Defendants did not file any joinder, but also did not oppose the *Petition*.

## DISCUSSION

Defendants Cascade, Robinson, BCE and KHI are requesting that the Court find that the *Settlement* was made in good faith. Haw. Rev. Stat. § 663-15.5 is the statute governing "the effect of a settlement on non-settling joint tortfeasors in the context of multi-party litigation" *Troyer v. Adams*, 102 Hawai'i 399, 403, 77 P.3d 83, 87 (2003). A finding of good faith:

> (1) discharges the settling party from liability for contribution to other joint tortfeasors, (2) reduces a plaintiff's claims against joint tortfeasors by the amount stipulated to in the release or in the amount of the consideration paid for it, whichever is greater, (3) bars other joint tortfeasors from further claims against the settling joint tortfeasor, except where there is a written indemnity agreement, and (4) results in dismissal of all crossclaims against the settling joint tortfeasor, except where there is a written indemnity agreement.

*Cruz v. Kaumana Drive Partners, LLC*, Civ. No. 19-00255 JMS-KJM, 2021 WL 5132553, at *2 (D. Haw. Oct. 15, 2021), *report and recommendation adopted*, Civ.

No. 19-00255 JMS-KJM, 2021 WL 5122162 (D. Haw. Nov. 3, 2021) (citing Haw. Rev. Stat. § 663-15.5).

Hawaii courts consider the "totality of circumstances" when determining whether a settlement is in good faith under Haw. Rev. Stat. § 663-15.5. *Troyer*, 102 Hawaiʻi at 425, 77 P.3d at 109. "The determination of good faith is left to the discretion of the trial court . . . and is not disturbed in the absence of an abuse [of discretion]." *Id.*, 102 Hawaiʻi at 422-23, 77. P.3d at 106-107 (citation omitted). The Court considers the following factors ("*Troyer* factors") in reaching a good faith settlement determination:

> (1) the type of case and difficulty of proof at trial, e.g., rear-end motor vehicle collision, medical malpractice, product liability, etc.; (2) the realistic approximation of total damages that the plaintiff seeks; (3) the strength of the plaintiff's claim and the realistic likelihood of his or her success at trial; (4) the predicted expense of litigation; (5) the relative degree of fault of the settling tortfeasors; (6) the amount of consideration paid to settle the claims; (7) the insurance policy limits and solvency of the joint tortfeasors; (8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and (9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose.

*Id.*, 102 Hawaiʻi at 427, 77 P.3d at 111. This approach is based on the rationale that Haw. Rev. Stat. § 663-15.5 is intended to encourage settlements and the good faith provision is meant "to provide the court with an opportunity to prevent collusive settlements aimed at injuring the interests of a non-settling joint tortfeasor." *Troyer*, 102 Hawaiʻi at 426, 77 P.3d at 110. The *Troyer* factors are

5

not the only factors the court may consider. *Id.* "[T]he Court may consider any other factor that is relevant to whether a settlement has been given in good faith." *Id.* The Hawaii legislature, in adopting Haw. Rev. Stat. § 663-15.5, was "more interested in encouraging settlements than ensuring the equitable apportionment of liability." *Id.*, 102 Hawaiʻi 426, 77 P.3d at 110. The legislature intended to "simplify the procedures and reduce the costs associated with claims involving joint tortfeasors." *Id.* (citation omitted). The party opposing the good faith settlement determination bears the burden of proving that the settlement was not in good faith. Haw. Rev. Stat. § 663-15.5(b).

As stated earlier, a settlement is made in good faith when the totality of circumstances weighs in favor of the finding of good faith. Consideration of the *Troyer* factors assist the Court to evaluate whether the *Settlement* was collusive or made with the motive of injuring the interests of any non-settling parties. *Troyer*, 102 Hawaiʻi at 427, 77 P.3d at 111. In this case, as to the *Troyer* factors one and four, this case involves a dispute regarding breach of contract, design and construction defects and misleading disclosures or failure to disclose material facts. This case is complex and likely would have involved experts. Trial would likely have been expensive given the experts needed and attorneys' fees required to litigate this case. With regard to factors eight and nine, the parties negotiated with the Court's assistance and a mediator's assistance. There is no opposition to the

*Petition*, and there no evidence to support any type of collusion. Factors two, three, five and six also weigh in favor of finding a good faith settlement. The amount of consideration each defendant is required to pay under the *Settlement* is reasonable given the total damages Plaintiffs sought, the strength of Plaintiffs' claim and the degree of fault of each defendant in this case. The Court has reviewed the *Troyer* factors and finds that the totality of circumstances weighs in favor of a finding of good faith.

## CONCLUSION

The Court **FINDS** that based on the totality of the circumstances the parties entered into the *Settlement* in good faith pursuant to Haw. Rev. Stat. § 663-15.5. The Court **RECOMMENDS** that the district court **GRANT** the *Petition*, *Defendant BCE's Joinder* and *Defendant KHI's Joinder* (collectively "*Joinders*")

The Court **RECOMMENDS** the district court:

(1) Find that the *Settlement* was made in good faith pursuant to Haw. Rev. Stat. § 663-15.5;

(2) Find that the defendants who have settled in this case are discharged from any and all liability for any contribution to any other joint tortfeasor or co-obligor; and

(3) Dismiss with prejudice, any and all claims, cross-claims and counterclaims filed by Plaintiffs and any and all defendants in this case for any and all

7

damages, injuries or losses sustained by Plaintiffs in connection with or arising out of the matters covered by the *Settlement*.

Accordingly, the hearing on the *Petition* and *Joinders* scheduled for May 12, 2023 at 11:00 a.m. is **VACATED**.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, April 28, 2023.



Rom A. Trader
United States Magistrate Judge

---

Civ. No. 20-00543 JMS-RT;  *Karina Rowan, et al. vs. Kevin Ditamore, et al.*;  Findings and Recommendation to Grant Petition for Determination of Good Faith Settlement